UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SCOVIN | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION NO. |
| v. | ) 3:02 CV 01161 (AWT) |
| | ) |
| GREAT-WEST LIFE & ANNUITY INS. CO., | ) |
| ONE HEALTH PLAN, INC., AUERBACH, POLLAK | ) |
| & RICHARDSON, INC., HUGH REGAN, | ) |
| LEWIS COHEN, ROBERT DRAKE, A. JONES | ) APRIL 2, 2004 |
| YORK | ) |
| **Defendants.** | ) |
| | ) |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANTS FILING ON SANCTIONS**

Plaintiff, William A. Scovin ("Scovin"), hereby files this opposition to the March 26, 2004 letter filed by counsel for the Defendant Great-West Life & Annuity ("Great-West") on the issue of sanctions. At the March 22, 2004 conference, this Court entered an Order of Sanctions against counsel for the Defendant Great-West. This Court generously indicated that the sanction would be reconsidered, if defense counsel was able to establish that he had served an objection to Plaintiff's discovery requests which were dated and served March 27, 2003. Simply stated, Defendant's counsel has failed to establish that any such objection was ever served.

The point of whether Defendant Great-West filed objections to Plaintiff's discovery requests served on March 27, 2003 is at issue because counsel for Great-West has accused Magistrate Judge Martinez of issuing an Order with inaccurate facts when she noted that Great-West had failed to object to those discovery requests by Plaintiff. Nothing now contained in the

March 26, 2004 letter submission of counsel for Great-West demonstrates the existence of any such objection.

As has previously been noted by the Plaintiff, what occurred prior to March 25, 2003 is irrelevant. Plaintiff concedes that this Court had, in response to the Rule 26(f) conference of the parties, stayed discovery pending a settlement conference.  On March 25, 2003, however, Magistrate Judge Martinez held a telephonic conference with the parties in lieu of the scheduled in-person settlement conference that Defendant Great-West refused to attend.  At that time, the Magistrate Judge determined that, in light of the fact that settlement conference was not going to proceed, the parties could proceed with discovery.  Two days later, on March 27, 2003, Plaintiff's counsel served Interrogatories and Request for Production upon the Defendant Great-West.  Under the Federal Rules, objections to these interrogatories and request for production should have been served in writing within approximately 33 days.  Plaintiff, on May 7, 2003, served its Motion to Compel responses to those interrogatories and request for production.  As stated therein, Plaintiff asserted "as of this date more than 30 days have elapsed and the Defendants have neither objected nor responded to Plaintiff's discovery."  Defendants have still not submitted any document which constitutes such an objection.

The mere fact that Defendant Great-West can establish that it generally expressed that it believed that discovery should not be proceeding in the case did not relieve it of its obligation to file a written objection to discovery during the time period provided by the federal rules and that was the basis for the Magistrate Judge granting Plaintiff's Motion to Compel.  The Magistrate Judge's determination that Defendant had never filed objections to the discovery request was, in fact, accurate.  It is significant, that none of the submissions now made by Great-West have anything to do with the operative time period of March 27, 2003 through May 7, 2003.  Rather,

Great-West purports to show that prior to March 25, 2003, Plaintiff's counsel acknowledged that discovery had been stayed and after May 7, 2003 reported that Great-West's counsel was opposing discovery in the action. These concessions by Plaintiff's counsel did not relieve Defendant Great-West of objecting in writing to the discovery request once the Magistrate Judge permitted discovery to proceed.

    Wherefore, this Court should find that the Sanction Order previously entered should stand.

**PLAINTIFF, WILLIAM A. SCOVIN**

By_____/s/_____
    Peter M. Nolin (ct 06223)
    Kevin M. Greco (ct 13195)
    Sandak Hennessey & Greco LLP
    970 Summer Street
    Stamford, Ct 06905
    (203) 425-4200
    (203) 325-8608 (fax)
    pnolin@shglaw.com

## **CERTIFICATION**

       I hereby certify that a copy of the foregoing was mailed, postage prepaid, on this 2nd day of April, 2004 to:

Christopher G. Barnes, Esq.
Jeffrey L. Williams, Esq.
Jorden Burt
175 Powder Forest Drive, Suite 201
Simsbury, CT  06089

James J. Ciapciak, Esq.
Ciapciak & Associates, P.C.
99 Access Road
Norwood, MA 02062

Peter Flemming, III, Esq.
Curtis, Mallet-Prevost, Colt & Mosle
695 East Main Street
Stamford, CT 06901

A. Robert Fischer, Esq.
Jackson Lewis
177 Broad St.
P. O. Box 251
Stamford,CT 06904-0251

Robert Drake
558 Lime Rock Road
Lakeville, CT  06039

                                                        _____/s/_____
                                                        Peter M. Nolin