UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CINDY SLANE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE No. 3:02CV00821 (AWT) |
| : | |
| QUINNIPIAC UNIVERSITY : | |
| SCHOOL OF LAW, : | |
| : | |
| Defendant. : | APRIL 9, 2007 |

## DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE INADMISSIBLE EVIDENCE

Pursuant to the Trial Memorandum Order entered by the Court on February 7, 2007, and Paragraph 14 of the Standing Order Regarding Trial Memoranda in Civil Cases, defendant Qunnipiac University School of Law ("defendant" or "QUSL") hereby moves, *in limine*, for an Order excluding from admission at trial, (i) evidence of statements made by defendant's representatives in the context of compromise negotiations as barred by Fed. R. Evid. 408; (ii) raw data or a simple statistical analysis of faculty salaries as devoid of probative value, Fed. R. Evid. 401; and (iii) salary comparisons of other male and female faculty members as irrelevant and/or unduly prejudicial, Fed. R. Evid. 401, 403. In support of this motion, defendant states as follows:

Plaintiff intends to offer evidence that during a fact-finding conference and mandatory mediation simultaneously conducted by the Connecticut Commission on

**ORAL ARGUMENT REQUESTED**

Human Rights and Opportunities ("CHRO"), defendant, in response to an inquiry by the CHRO investigator, stated that plaintiff's salary had not been increased because she was unwilling to drop her legal claims. This evidence pertains to settlement and is being offered to prove liability for retaliation; it is therefore barred by Fed. R. Evid. 408.

Defendant anticipates that plaintiff will seek to introduce into evidence data reflecting the salaries paid to QUSL faculty members, either in the form of simple statistics or standing alone. Because plaintiff has not retained a statistical expert to properly analyze the salary data, and such data in raw form or as part of an unsophisticated statistical presentation is innately irrelevant, any proffer of this data, regardless of form, would be devoid of probative value, and hence inadmissible. Fed. R. Evid. 401.

Finally, it is expected that plaintiff will attempt to introduce into evidence several examples of other female faculty members ostensibly being paid less than male faculty members performing the same or substantially equal tasks. Such raw comparisons are not beneficial to the truth-seeking process, and to the extent this evidence is of any utility at all, it is properly excluded under Fed. R. Evid. 403 as unduly prejudicial and time-consuming.

For these reasons, as more fully articulated in the accompanying memorandum of law, defendant's motion *in limine* should be granted in its entirety and plaintiff barred from introducing into evidence (i) statements allegedly made by defendant in the course of the CHRO fact-finding conference and mandatory mediation to the effect that the reason QUSL had not unilaterally increased plaintiff's salary, outside the annual review process, was because she refused to settle her wage discrimination claim; (ii) information

concerning the salaries of other QUSL faculty members, be it in the form of simple statistics or otherwise; and (iii) other alleged salary disparities between male and female professors.

Respectfully submitted,

DEFENDANT,
QUINNIPIAC UNIVERSITY
SCHOOL OF LAW

By: _____
Lawrence Peikes (ct07913)
lpeikes@wiggin.com
Wiggin and Dana LLP
Its Attorneys
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325
(203) 363-7600
(203) 363-7676 (fax)

**CERTIFICATE OF SERVICE**

This is to certify that on this 9th day of April, 2007, a copy of the foregoing has been was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system. Parties may access this filing through the court's CM/ECF System.

Gregg D. Adler, Esq.
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105

_____
Lawrence Peikes

\7377\201\645210.1

4