## AFFIDAVIT OF MARY E. KELLY

1. I am the one of the attorneys representing plaintiff Cindy Slane, (hereinafter "the plaintiff") in the instant case against defendant Quinnipiac University Law School.

2. I am over 18 years of age and understand the obligations of an oath.

3. Except where noted otherwise, the statements in this affidavit are based upon my personal knowledge.

4. During the fact-finding portion of the May 2, 2002, Commission of Human Rights and Opportunities (CHRO) Fact-Finding and Mandatory Mediation conference, the parties were given an opportunity to present evidence and witness testimony. This witness testimony was tape recorded for later use in the CHRO proceedings. After these proceedings, the plaintiff requested and received copies of these tapes from the CHRO. I have listened to the tape recordings. The statements below are based on what was stated during the tape recorded portions of the fact-finding conference.

5. At the start of the first tape, Investigator Carolyn Anderson explained,

    Ok, today's date is May 8, 2002 my name is Carolyn Anderson, I am the investigator for CHRO...to investigate the CHRO case 0130204, Cindy R. Slane vs. Quinnipiac University School of Law. Um, I have the parties present this morning for a fact finding subject to mandatory mediation. Miss Slane filed her complaint against the Quinnipiac University School of Law about November 6, 2002.... A few preliminary matters before we begin the fact finding. First of all there is no direct or cross examination allowed by the attorneys for either side. I will allow rebuttal by the witnesses if they hear something that they would like to address or rebut. I would ask the parties to please allow each other to testify uninterrupted. Uh, if you hear something and you would like rebut, just drop a note please and give me a little wave and I will allow you to do that. You don't have to wait for, you know, my questions to be completed or completely over, but just give me a wave and I will let you rebut what you hear. Following the fact-finding will be the mandatory mediation. At that time, only those parties that are authorized to discuss settlement will be allowed to remain in the room. And that will take place shortly after the fact-finding conference. Any questions before we begin?

6. Dean King was one of the witnesses interviewed by Investigator Carolyn Anderson, and his answers to her questions were included on the tape recording. During the tape recorded fact-finding portion of the conference, Dean King acknowledged that he was aware that the plaintiff felt that her salary was unfair and that she mentioned that she believed that her gender was a factor in the determination of her salary. Dean King also acknowledged that he was surprised by the discrepancy between the salaries received by the plaintiff and

- 2 -

Leslie Book, and that he thought the plaintiff's salary was on the low side. Based on a question by plaintiff's attorney, Ruth Pulda, the issue of why the defendant had failed to adjust the plaintiff's pay was discussed. The initial response from King was that the pay inequity had not been addressed since the plaintiff had rejected QUSL's settlement offer. Later, in response to a comment by the plaintiff about the salary not having been adjusted, Dean King and QUSL counsel John Zandy, in unison, stated that the Law School had not increased her salary because she hadn't settled her suit.

7. When the interviews were completed and the parties had been given an opportunity to present evidence, the tape recorder was turned off. Upon information and belief, Investigator Anderson then conducted an unsuccessful attempt to mediate the dispute.

8. At trial in this matter, the plaintiff does not seek to introduce any statements by the defendant made during the mediation part of the CHRO fact-finding and Mediation process.

I have read the foregoing affidavit and swear that it is true and correct to the best of my knowledge and belief.

_____
Mary E. Kelly

Sworn and subscribed to before me on this 21st day of May 2007.

_____
Commissioner of the Superior Court