UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CINDY SLANE,<br><br>    Plaintiff,<br><br>v.<br><br>QUINNIPIAC UNIVERSITY<br>SCHOOL OF LAW,<br><br>    Defendant. | :<br>:<br>:   CASE No. 3:02CV00821 (AWT)<br>:<br>:<br>:<br>:<br>:<br>:<br>:   JUNE 8, 2007 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND AMENDED ANSWER

**I.  BACKGROUND**

On July 24, 2002 plaintiff Cindy Slane filed her First Amended Complaint ("Complaint") alleging, *inter alia*, discrimination on the basis of pay in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Connecticut Fair Employment Practices Act ("FEPA"), Conn. Gen. Stat. §§ 46a-60, *et seq.* "FEPA").  On August 14, 2002, defendant Quinnipiac University School of Law ("QUSL" or "Law School") filed its "Answer and Affirmative Defense to Plaintiff's First Amended Complaint ("Answer"), denying any liability.

Thereafter, on February 13, 2004, QUSL filed a Motion For Leave To File Amended Answer and Affirmative Defenses, which the Court granted on or about March 31, 2004.  That Amended Answer added a defense to plaintiff's claims under the EPA, Title VII and FEPA alleging that any disparity between the compensation provided to plaintiff and her male comparator is based upon factors other than sex.  QUSL sought leave to amend its Answer in this respect based on information obtained during discovery.

The present amendment is sought based on a change in the applicable law as a result of the U. S. Supreme Court's decision in <u>Ledbetter v. Goodyear Tire & Rubber Co., Inc.</u>, No. 05-1074, 2007 WL 1528298 (May 29, 2007)(Copy attached at Tab A), which contrary to pre-existing Second Circuit precedent, clearly establishes that plaintiff's wage discrimination claims under Title VII and the FEPA are time-barred.

## II.    LAW AND ARGUMENT

### A.    Legal Standard.

Rule 15 of the Federal Rules of Civil Procedure provides that a defendant may amend its pleading "by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The Rule reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated . . . and 'mere technicalities' should not prevent cases from being decided on the merits . . . ." <u>Monahan v. New York City Dept. of Corrections</u>, 214 F.3d 275, 283 (2d Cir. 2001)(Citations omitted).

"The Supreme Court has emphasized that amendment should normally be permitted and has stated that refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.' The Supreme Court has also held that, 'in the absence of any apparent or declared reasons – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... etc. – the leave should, as the rules require, be 'freely given.''" <u>Edwards v. New Opportunities Inc.</u>, 2007 WL 947996, at *3 (D. Conn. March 26, 2007)(Citations omitted). See also <u>Block v. First Blood Associates</u>, 988 F.2d 344, 350 (2d Cir. 1993)("The rule in this

Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith").

Where a claim is made that a proposed amendment would result in unfair prejudice, the court must consider whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block, 988 F.2d at 350. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Id. (Internal quotation marks omitted).

**B.    Leave to Amend is Warranted in Light of a Change in the Controlling Law.**

As discussed above, since the inception of this lawsuit, QUSL has consistently denied that it unlawfully discriminated against plaintiff, maintaining that its salary decisions are supported by legitimate, non-discriminatory factors having nothing whatsoever to do with gender. Naturally, QUSL has only alleged defenses that can be asserted in good faith based on the governing law and known facts.

Until the Supreme Court issued its ruling in Ledbetter, QUSL was guided by existing Second Circuit precedent on the timeliness issue, as embodied most recently in Forsyth v. Federation Employment & Guidance Service, 409 F.3d 565 (2d Cir. 2005). Under pre-Ledbetter circuit precedent, the rule was that each paycheck whereby an employee of a protected class (in this case a female) was paid less than a similarly situated employee of an unprotected class (in this case a male), is a discrete discriminatory act in violation of Title VII that starts the limitations period running anew. Forsyth, 409 F.3d at 572-73 (citing Pollis v. New School for Social Research, 132 F.3d 115, 119 (2d Cir. 1997)). The Supreme Court, in Ledbetter, rejected

the reasoning and holding of Forsyth, thereby providing QUSL with a good faith basis to assert the defense that plaintiff's Title VII and FEPA wage discrimination claims are time barred.

Under these circumstances, QUSL should be allowed to amend its Answer to include the affirmative defense of the statute of limitations. Livingston v. Piskor, 215 F.R.D. 84, 85 (W.D.N.Y. 2003)(granting defendants leave to amend answer to include exhaustion defense that would have been futile under Second Circuit decision subsequently reversed by the U.S. Supreme Court); Abney v. County of Nassau, 237 F. Supp. 2d 278, 280-81 (E.D.N.Y. 2002)(same); see also Morrone v. CSC Holdings Corp., 404 F. Supp. 2d 450, 456 (E.D.N.Y. 2005)(allowing leave to amend complaint where "[t]here have been numerous factual developments since the complaint and request for a preliminary injunction were filed.").

Here, there is no basis for the Court to deviate from the clear purpose of Rule 15 permitting liberal allowance of amended pleadings inasmuch as plaintiff would not be prejudiced by the proposed amendment. That is, the proposed amendment does nothing more than assert a defense that until the ruling in Ledbetter was issued on May 29, 2007, QUSL was unable to press. The proposed amendment will not result in any unfair surprise to plaintiff, as the parties are fully apprised of the applicability of Ledbetter to plaintiff's claims, and in fact have been awaiting the decision before finalizing the joint pre-trial memorandum and jury instructions, recognizing its direct application to the matter *sub judice*. Furthermore, the proposed amendment, based as it is on a chronology of events already established, should not require any additional discovery, nor will it delay the resolution of the case.

Finally, there is obviously no basis for a charge of undue delay, bad faith or dilatory motive on the part of QUSL, which is hereby moving to assert the additional defense made available to it only ten days after the Supreme Court issued the decision in Ledbetter. Cf.

Grochowski v. Phoenix Construction, 318 F.3d 80, 86 (2d Cir. 2003)(district court did not abuse its discretion in denying plaintiffs leave to amend their complaint in light of an intervening decision of the New York State Appellate Division where the motion for leave was filed more than a year after the State court opinion was rendered).

Thus, good cause exists to allow QUSL to amend is Answer. As discussed above, prior to the Supreme Court's ruling in Ledbetter, QUSL had no basis for asserting a statute of limitations defense. Ledbetter now provides QUSL with the requisite good faith basis on which to assert that defense.

### III.   CONCLUSION

For all of the foregoing reasons, QUSL respectfully requests that the Court grant leave to amend its Answer.

                              Respectfully submitted,

                              DEFENDANT,
                              QUINNIPIAC UNIVERSITY
                              SCHOOL OF LAW


By:     /s/ Meghan D. Burns
       Lawrence Peikes (ct07913)
       lpeikes@wiggin.com
       Meghan D. Burns (ct26267)
       mburns@wiggin.com
       Wiggin and Dana LLP
       Its Attorneys
       400 Atlantic Street
       P.O. Box 110325
       Stamford, CT  06911-0325
       (203) 363-7600
       (203) 363-7676 (fax)

- 6 -

## CERTIFICATE OF SERVICE

This is to certify that on this 8th day of June, 2007, a copy of the foregoing has been was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's CM/ECF System.

       Gregg D. Adler, Esq.
   Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
       557 Prospect Avenue
       Hartford, CT  06105


         /s/ *Meghan D. Burns*
         Meghan D. Burns

\7377\201\655421.1