# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CINDY SLANE,                                 :
                                             :
        Plaintiff,                       :        CASE No. 3:02CV00821 (AWT)
                                             :
    v.                                   :
                                             :
QUINNIPIAC UNIVERSITY                        :
SCHOOL OF LAW,                               :
                                             :
        Defendant.                       :        JUNE 29, 2007

## DEFENDANT'S SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Quinnipiac University School of Law ("QUSL" or the "Law School") through its counsel, Wiggin and Dana, LLP, answers the First Amended Complaint ("Complaint") dated July 24, 2002, as follows:

1.      The allegations set forth in paragraph 1 of the Complaint are conclusions of law to which no responsive pleading is required.

## JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaint contains no factual allegations, but rather is a jurisdictional statement to which no responsive pleading is required, other than to state that QUSL, while denying any allegation of wrongdoing, does not contest this Court's subject matter jurisdiction over the claims asserted, nor does it contest that venue properly lies in the District of Connecticut.

## PARTIES

3.      Admit the allegations contained in paragraph 3 of the Complaint.

4.    Admit the allegations contained in paragraph 4 of the Complaint, upon information and belief.

## FACTS

5.    Deny knowledge or information sufficient to form a belief concerning plaintiff's record and graduation from Yale Law School.  Admit that plaintiff was formerly employed by Day, Berry & Howard.

6.    Admit the allegations contained in paragraph 6 of the Complaint.

7.    Admit the allegations contained in paragraph 7 of the Complaint, except to deny that QUSL maintains a "rule" that would have prevented plaintiff from applying to remain in her position beyond the term of her one-year visitorship.

8.    Admit the allegations contained in paragraph 8 of the Complaint.

9.    Admit the allegations contained in paragraph 9 of the Complaint.

10.    Admit the allegations contained in paragraph 10 of the Complaint.

11.    Admit the allegations contained in paragraph 11 of the Complaint.

12.    Admit the allegations contained in paragraph 12 of the Complaint, except to deny that plaintiff's 2000-2001 salary was $60,646.00.

13.    Admit the allegations contained in paragraph 13 of the Complaint, except to deny knowledge or information sufficient to form a belief concerning when plaintiff became aware of the salaries of some of her colleagues.

14.    Admit the allegations contained in paragraph 14 of the Complaint, except to deny any implication that QUSL did not consider Carolyn Kaas' "experience, rank, and length of service" when determining her salary for the 1997/1998 academic year.  Deny that Kaas earned

"not much more" than Leslie Book during the 1997/1998 academic year inasmuch as Kaas earned $7,500.00 more than Book.

15.    Admit the allegations contained in paragraph 15 of the Complaint.

16.    Admit the allegations contained in paragraph 16 of the Complaint.

17.    Admit the allegations contained in paragraph 17 of the Complaint, except to deny any implication that QUSL did not consider the recognition the externship programs had received when determining plaintiff's salary for the 1999/2000 academic year.

18.    Deny the allegations contained in paragraph 18 of the Complaint, except to admit that plaintiff and Kaas brought their concerns to the attention of Neil Cogan, former Dean of the Law School, in or about May 2000, and that Cogan agreed to write to David King, Interim Dean, in support of plaintiff receiving a salary comparable to that earned by QUSL's clinical faculty.

19.    Deny the allegations contained in paragraph 19 of the Complaint, except to admit that a May 31, 2000 e-mail captioned "Draft" and addressed to plaintiff and Kaas contained the statements set forth in paragraph 19 of the Complaint.

20.    Admit the allegations contained in paragraph 20 of the Complaint.

21.    Deny knowledge or information sufficient to form a belief concerning whether King stated he was "shocked" by plaintiff's salary.  Admit that King advised plaintiff and Kaas that he would bring their concerns to University President John Lahey and University Vice President Edward Kavanagh.  Deny that King stated that he advised Lahey and Kavanagh that plaintiff's contracts had been biased in favor of QUSL.

22.    Deny the allegations contained in paragraph 22 of the Complaint, except to admit that plaintiff received the general salary increase accorded all Law School faculty for the 2000/2001 academic year, that plaintiff's 2000/2001 salary was approximately $20,000 less than

Book's 1999/2000 salary, and that plaintiff's salary for the 2001/2002 academic year was $62,590.

23.    Deny the allegations contained in paragraph 23 of the Complaint, except to admit that on November 6, 2000 plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities and that said complaint was received by the United States Equal Employment Opportunity Commission on December 22, 2000 for purposes of dual filing.

24.    Deny the allegations contained in paragraph 24 of the Complaint, except to admit that plaintiff filed her Complaint in federal court on May 13, 2002.

25.    Admit the allegations contained in paragraph 25 of the Complaint.

## COUNT I
### (Employment Discrimination in Violation of the Equal Pay Act of 1964)

26.    Defendant repeats and realleges its answers in response to paragraphs 1 through 25 of the Complaint as if set forth here in full.

27.    Deny the allegations contained in paragraph 27 of the Complaint.

28.    Deny the allegations contained in paragraph 28 of the Complaint.

## COUNT II
### (Employment Discrimination in Violation of Title VII of the Civil Rights Act of 1964)

29.    Defendant repeats and realleges its answers in response to paragraphs 1 through 25 of the Complaint as if set forth here in full.

30.    Deny the allegations contained in paragraph 30 of the Complaint.

31.    Deny the allegations contained in paragraph 31 of the Complaint.

## COUNT III
### (Retaliation in Violation of Title VII of the Civil Rights Act of 1964)

32.    Defendant repeats and realleges its answers in response to paragraphs 1 through 25 of the Complaint as if set forth here in full.

33.    Deny the allegations contained in paragraph 33 of the Complaint.

34.    Deny the allegations contained in paragraph 34 of the Complaint.

**COUNT IV**
**(Employment Discrimination in Violation of C.G.S. § 46a-60 et seq.)**

35.    Defendant repeats and realleges its answers in response to paragraphs 1 through 25 of the Complaint as if set forth here in full.

36.    Deny the allegations contained in paragraph 36 of the Complaint.

37.    Deny the allegations contained in paragraph 37 of the Complaint.

**COUNT V**
**(Retaliation in Violation of C.G.S. § 46a-60(a)(3))**

38.    Defendant repeats and realleges its answers in response to paragraphs 1 through 25 of the Complaint as if set forth here in full.

39.    Deny the allegations contained in paragraph 39 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

As to Counts One, Two and Four, to the extent disparities exist between the compensation provided to plaintiff and to male faculty members, such disparities are based on legitimate, nondiscriminatory factors other than sex.

**SECOND AFFIRMATIVE DEFENSE**

As to Counts Two and Three, upon information and belief plaintiff has failed to exhaust her administrative remedies with the United States Equal Employment Opportunity Commission and/or the United States Department of Justice inasmuch as she has not obtained a Notice of Right to Sue from either of these agencies.  Accordingly, plaintiff's claims arising under Title VII of the Civil Rights Act are barred.

## THIRD AFFIRMATIVE DEFENSE

As to Count Two, plaintiff's claims are barred by the applicable statutes of limitations contained in 42 U.S.C. § 2000e-5.

## FOURTH AFFIRMATIVE DEFENSE

As to Count Four, plaintiff's claims are barred by the applicable statutes of limitations contained in Section 46a-82(e) of the Connecticut General Statutes.

WHEREFORE, QUSL seeks:

1.      Judgment dismissing the Complaint;

2.      Costs and attorneys' fees as provided by law; and

3.      Such other and further relief as the Court finds appropriate.

DEFENDANT,
QUINNIPIAC UNIVERSITY
SCHOOL OF LAW

By:___*/s/Meghan D. Burns*_____
          Lawrence Peikes (ct07913)
          lpeikes@wiggin.com
          Meghan D. Burns (ct26267)
          mburns@wiggin.com
          Wiggin and Dana LLP
          Its Attorneys
          400 Atlantic Street
          P.O. Box 110325
          Stamford, CT  06911-0325
          (203) 363-7600
          (203) 363-7676 (fax)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 29th day of June, 2007, a copy of the foregoing has been was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's CM/ECF System.

Gregg D. Adler, Esq.
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT  06105

/s/ Meghan D. Burns
Meghan D. Burns

\7377\201\655428.1