EX. D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CINDY SLANE,

    Plaintiff,

v.

QUINNIPIAC UNIVERSITY
SCHOOL OF LAW,

    Defendant.

CASE No. 3:02CV00821 (AWT)

AUGUST 15, 2007

## RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 26, defendant Quinnipiac University School of Law ("defendant") hereby objects and responds to the following interrogatories and requests for production propounded by the plaintiff, dated June 27, 2007.

## INTERROGATORIES

1. Please identify each person who provided information to answer these interrogatories, and please specify by number those answers to which each person(s) supplied information.

**RESPONSE:** Brad Saxton, Dean, and David King, Associate Dean, provided information in response to each interrogatory.

2. Please describe in detail any University policies, procedures or practices relating to the confidentiality or privacy of faculty salaries. Include how employees are informed of the policies, practices or procedures, and please identify any documents which relate to your answer.

**OBJECTION:** Defendant objects to this interrogatory as overly broad as it states no temporal limitation.

**RESPONSE:** Subject to and without waiving this objection, and pursuant to Fed. R. Civ. P. 33(d), see documents produced in response to Request for Production No. 2. The policy included in the produced documents is provided to employees through distribution of the University's policy manual.

3. Please explain in detail the way or ways in which a clinical faculty member could receive accurate information about the salaries of current or previous faculty members, absent litigation. Please identify any documents which relate to your answer.

**OBJECTION:** Defendant objects to this interrogatory as overly broad as it states no temporal limitation and as calling for speculation.

**RESPONSE:** Subject to and without waiving these objections, any faculty member may ask any other faculty member about his/her salary and/or the salaries of other faculty members. Also, the American Association of University Professors ("AAUP") publishes the results of its annual compensation survey in the Chronicle of Higher Education. The compensation information is reported by faculty position (assistant professor, clinical professor, associate professor, etc.) but not by discipline (i.e., philosophy, biology, law).

4. Please describe the documents, if any, available to faculty members between 1994 and 2000, which would include salary information about other faculty members. Please identify any documents which relate to your answer.

**RESPONSE:**  <u>See</u> response to Interrogatory No. 3 regarding the surveys.

5. Please identify the communications, if any, between any faculty member and the plaintiff between 1994 and 2000 during which the plaintiff learned the salary of any male member of the clinical faculty. Identify the individuals involved in the communications, the date, location and persons present and describe in detail the communications. Please identify any documents which relate to your answer.

**RESPONSE:** Defendant has no first hand knowledge of any communications described by this interrogatory. Based upon information and belief, Professor Leslie Book, then Director of the Tax Clinic, disclosed his salary information to Professor Carolyn Kaas in the Spring of 2000. Thereafter, Professor Kaas disclosed Professor Book's salary information to plaintiff.

6. Please describe any communications between the defendant and the plaintiff between 1994 and 2000 during which the plaintiff learned the salary of any male member of the clinical faculty. Identify the individuals involved in the communications, the date, location and persons present and describe in detail the communications. Please identify any documents which relate to your answer.

**RESPONSE:** To defendant's knowledge there were no such communications.

7. Please identify and describe any communications between any member of the law school or University Administration, including, but not limited to, Dean Cogan, between 1994 and 2000, relating to or concerning the defendant's policies, practices or procedures with respect to the disclosure of faculty salary information.

**OBJECTION:** Defendant objects to this interrogatory because it is unclear what is meant by the phrase "communications between any member of the law school or University Administration." Defendant reserves the right to further object if and when plaintiff clarifies this interrogatory.

**RESPONSE:** Subject to and without waiving this objection, defendant is not aware of any specific communication concerning policies, practices or procedures with respect to the disclosure of faculty salary information other than the distribution of the policy produced in response to Request for Production No. 2 as contained in the University's policy manual.

8. Please identify and describe any communications from Dean Cogan to faculty members, including communications to the Executive Committee in which any faculty salary information was disclosed.

**RESPONSE:** Defendant has no knowledge of any communications responsive to this interrogatory. Defendant believes former Dean Neil Cogan had communications with individual faculty members regarding each individual's salary when they were hired and in connection with any annual salary increase(s). Defendant also believes that Dean Cogan did not communicate faculty salary information of individual faculty members to other members of the faculty, including the Executive Committee. However, each year of his deanship Dean Cogan announced to the faculty generally the mean raise percentages applicable to the annual salary increases.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce any/all documents the defendant identified, referred to, or relied on in answering the foregoing interrogatories.

**RESPONSE:** See documents produced in response to Request for Production No. 2.

2. If not already provided, produce any/all documents concerning the defendant's policies concerning the disclosure of faculty salary information between 1994 and present.

**RESPONSE:** See documents Bates Stamped DEF-0871 – DEF-0873 in addition to documents Bates Stamped DEF-0865 – DEF-0870, produced on July 26, 2007.

3. If not already provided, produce any/all email messages from Dean Cogan to any faculty member and/or to the Executive Committee between 1994 and 2000 regarding faculty salaries.

**OBJECTION:** Defendant objects to this request for production as disclosure of the information sought would violate the privacy interests of defendant's employees. Defendant further objects to this request for production as overly broad in time and scope unduly burdensome.

**RESPONSE:** Subject to and without waiving these objections, defendant states that it has no knowledge of any documents responsive to this request for production. The University's e-mail administrator, and hence the University, is unable to access email from the time period requested.

## **VERIFICATION**

STATE OF CONNECTICUT   }
                       }  ss:
COUNTY OF NEW HAVEN    }

BRAD SAXTON, having read the foregoing answers to the Plaintiff's Second Set of Interrogatories, hereby attests that they are true and correct based on his personal knowledge, or based on information contained in QUSL records, and as to the latter, that he believes them to be true.

                                                                    _____
                                                                    Brad Saxton
                                                                    Dean
                                                                    Quinnipiac University School of Law

Subscribed and sworn to before me
this ___ day of August, 2007.


_____
Notary Public/Commissioner of the
Superior Court
My Commission Expires:

## CERTIFICATE OF SERVICE

This is to certify that on this 15th day of August, 2007, a copy of the foregoing was sent via certified mail, return receipt requested, to:

Gregg D. Adler, Esq.
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105

_____
Meghan D. Burns

\7377\201\660168.1

# Manual

# of

# Quinnipiac College

# Policies

# Spring 1996



DEF-0871

## INTRODUCTION

This Manual of Quinnipiac College Policies was reviewed in draft form during the 1995-96 academic year by the College's Planning Council consisting of the President's Cabinet, the College's Deans and the Faculty Chair of the College Senate, as well as by the Academic Affairs Committee of the Board of Trustees. The draft document was also reviewed by a committee of the College Senate and the full Senate. The final draft of the Manual of Quinnipiac College Policies was subsequently approved by the College Senate, the President's Cabinet and by the full Board of Trustees at its meeting on May 14, 1996.

It is important to recognize that the policies contained in the Manual are official policies to which the College is committed in its dealings with students, faculty and staff, independent of any other documents, contractual obligations or laws. Any changes in these policies would once again require formal action by, and approval of, the full Board of Trustees. It is also important to recognize that this compliation of major College policies is not all inclusive. As a result, during the next several academic years we will attempt to review and reaffirm other major College policies using the same internal governance bodies, i.e. the College Senate, the President's Cabinet and Board of Trustees, and we will add these new or reaffirmed policies to the Manual after appropriate review and approval.

member of the hourly staff. The personnel file will only be maintained in the office of the director of personnel and the medical file will be maintained in the Health Center and/or medical office. The contents of these files will conform to the requirements as outlined in present or future state and/or federal statutes. Such files are the property of the college and will be available for inspection by the employee upon request to the director of personnel.

The employee may, upon request, receive one (1) copy of each piece of material in the file. Upon written request, the employee will be given in advance a copy of any material which is to be inserted in his or her file; any employee shall be entitled to add to his or her file a reasonable response to any material in his or her file. Pursuant to present or future state and/or federal statutes, the college shall provide to all employees a copy of its then current policies on insertion or removal of material from the employee files.

Students shall not have access to any employee's personnel file.

Employees shall be notified of any wage garnishments that the college may be required to deduct from the employee's pay, prior to doing so.

## C. INSTITUTIONAL RECORDS

The security of institutional records is the responsibility of each member of the faculty and staff. Institutional records include all matters pertaining to personnel, payroll, registrar, admissions, financial aid, development, medical records, security reports, financial data and other information of a privileged and private nature concerning faculty, staff, and students.

## D. DISCRIMINATION

Differing values and opinions are a vital part of the environment in higher education and its tradition of academic freedom. These differences, however, should not interfere with the rights of others through acts of harassment or intimidation. Each member of the Quinnipiac College community - students, faculty, staff, and guests - has the responsibility to respect the rights of every individual at the college. No person should be subject to harassment or intimidation based on race, sex, ethnicity, disability, religion, sexual orientation, or age. The college is committed to maintaining diversity and tolerance on the campus, and individuals who violate this policy will be subject to appropriate disciplinary action.

## E. DISABILITIES

Quinnipiac College is committed to equal educational opportunity and full participation for persons with qualified disabilities. No qualified person will be excluded from participation in any college program or be subject to any form of discrimination.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CINDY SLANE,

        Plaintiff,

v.  :  CASE No. 3:02CV00821 (AWT)

QUINNIPIAC UNIVERSITY
SCHOOL OF LAW,

        Defendant.  :  AUGUST 23, 2007

## SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 33 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 26, defendant Quinnipiac University School of Law ("defendant") hereby objects and responds to the following interrogatories propounded by the plaintiff, dated June 27, 2007.

### INTERROGATORIES

8.    Please identify and describe any communications from Dean Cogan to faculty members, including communications to the Executive Committee in which any faculty salary information was disclosed.

**RESPONSE:** Defendant has no knowledge of any communications responsive to this interrogatory. Defendant believes former Dean Neil Cogan had communications with individual faculty members regarding each individual's salary when they were hired and in connection with any annual salary increase(s). Defendant also believes that Dean Cogan did not communicate faculty salary information of individual faculty members to other members of the faculty, including the Executive Committee. However, each year of his deanship Dean Cogan announced to the faculty generally the mean raise percentages applicable to the annual salary increases and informed the faculty of the process he would use in formulating faculty raise recommendations for submission for the Senior Vice President for Academic Affairs.

DEFENDANT,
QUINNIPIAC UNIVERSITY
SCHOOL OF LAW

By: ___/s/ Meghan D. Burns___
Lawrence Peikes (ct07913)
lpeikes@wiggin.com
Meghan D. Burns (ct26267)
mburns@wiggin.com
Wiggin and Dana LLP
Its Attorneys
400 Atlantic Street
P.O. Box 110325
Stamford, CT 06911-0325
(203) 363-7600
(203) 363-7676 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of August, 2007, a copy of the foregoing was sent via certified mail, return receipt requested, to:

Gregg D. Adler, Esq.
Livingston, Adler, Pulda, Meiklejohn & Kelly, P.C.
557 Prospect Avenue
Hartford, CT 06105

*Meghan D. Burns*
Meghan D. Burns

\7377\201\666078.1

## VERIFICATION

STATE OF CONNECTICUT    }
                        }   ss:
COUNTY OF NEW HAVEN     }

BRAD SAXTON, having read the foregoing answers to the Plaintiff's Second Set of Interrogatories, hereby attests that they are true and correct based on his personal knowledge, or based on information contained in QUSL records, and as to the latter, that he believes them to be true.

*Brad Saxton*
Brad Saxton
Dean
Quinnipiac University School of Law

Subscribed and sworn to before me
this 20 day of August, 2007.

_____
Notary Public/Commissioner of the
Superior Court
My Commission Expires: